FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

01 FEB 26 PM 1:21

U.S. DISTRICT COURT
N.D. OF ALABAMA

SUE ROGALA,        }
                   }
    Plaintiff,     }
                   }   CIVIL ACTION NO.
v.                 }
                   }   99-AR-3143-M
KAY BAIN, etc., et al., }
                   }
    Defendants.    }
                   }

ENTERED
FEB 26 2001

## MEMORANDUM OPINION

In this civil action, brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 601, *et seq.*, (the "ADEA"), plaintiff Sue Rogala ("Rogala") claims that she was denied employment in the St. Clair County Revenue Commissioner's Office by defendants Kay Bain ("Bain") and St. Clair County, Alabama, because of her age. Defendants deny that Rogala was not hired because of her age and, instead, say that the disputed positions were filled by more qualified applicants. This matter is now before the court on defendants' motion for summary judgment. For the reasons hereinafter set forth, the court will deny defendants' motion. However, the court will allow defendants an opportunity to seek an appeal of the denial of their motion under 28 U.S.C. § 1292(b).



## DISCUSSION

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Eleventh Circuit precedent indicates that Rogala faces a difficult burden in moving her case beyond summary judgment. The Eleventh Circuit has said:

> [W]hen a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision. That is, the plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome.

Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000), citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 2105, 147 L. Ed. 2d 105 (2000) (internal marks and citations omitted). Rogala can establish a prima facie case of age discrimination in any one of three ways: (1) by direct evidence of discriminatory intent; (2) by statistical proof of a pattern of discrimination; and (3) by circumstantial evidence via the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).

Rogala pegs her entire case on purported direct evidence of

age discrimination based on an alleged conversation she had with Bain. Rogala testifies that Bain told her on the telephone after the disputed hiring process was complete that she had filled one of the positions with "a younger girl who has a baby to support." Rogala contends that this statement is probative of age bias, reflecting Bain's state of mind and intent, and indicates that the employment decision was motivated by ageism—namely that Bain wanted to hire someone younger than Rogala, who was over forty. Rogala argues that this statement constitutes direct evidence of an illegal motive and should "suffice to create a genuine issue of fact and preclude summary judgment." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). Bain flatly denies having made the statement, but argues that even if she did make the statement, it is not direct evidence of discrimination because direct evidence requires "blatant remarks, whose intent could be nothing other than to discriminate on the basis of age." *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989). Defendants suggest that a reasonable factfinder could not draw the inference from such an innocuous remark that Bain's interest in hiring a woman with a baby, who happened to be younger than Rogala, motivated her decision not to hire Rogala. Defendants contend that such a statement, if made, is insufficient to allow a jury to find a proscribed discriminatory intent.

The court agrees, albeit reluctantly, with Rogala. "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." *Id.* at 581-82. The *Carter* court further stated that "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, . . . constitute direct evidence of discrimination." *Id.* at 582. Rogala's contention that Bain told her that one of the positions was filled by a younger woman with a baby is arguably probative because it could be fairly interpreted to indicate that the decision not to employ Rogala was motivated by the difference in age between the applicants. This, however, is a very close question, and one in which the Eleventh Circuit could easily disagree with this court.

The fact that both defendants are represented by the same lawyers creates a conflict-of-interest that is not unusual in these types of cases. This may explain the fact that both defendants claim that St. Clair County was never Rogala's prospective employer, and thus could not be liable under the ADEA, while Bain was the only prospective employer, but is immune by virtue of the Eleventh Amendment as a State official like a Sheriff in Alabama. This court believes that St. Clair County was Rogala's prospective employer. Bain may have been the decisionmaker, but she could not be the employer. If Bain claims, contrary to the facts, that she

4

was the only target under the ADEA, who is this court to argue with her on motion for summary judgment. If a county revenue commissioner is an agent of the State of Alabama, it will take the Eleventh Circuit to convince this court.

## CONCLUSION

A separate and appropriate order in conformity with the foregoing opinion will be entered.

DONE this 26th day of February, 2001.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5